IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CANYON COUNTY,   ) | |
| ) | |
| Plaintiff,   ) | Case No. CV05-306-S-EJL |
| ) | |
| vs.   ) | MEMORANDUM DECISION |
| ) | AND  ORDER |
| SYNGENTA SEEDS, INC., et al,   ) | |
| ) | |
| Defendants.   ) | |
| _____) | |

Plaintiff Canyon County brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, against Defendants Syngenta Seeds, Inc. ("Syngenta"), Sorrento Lactalis, Inc. ("Sorrento"), Swift Beef Company ("Swift"), Harris Moran Seed Co. ("Harris"), and Albert Pacheco ("Pacheco") (collectively the "Defendants"),[1] seeking to recover "damages it [allegedly] has suffered as a direct result of the knowing employment of large numbers of illegal immigrants by the defendants." (Am. Compl. ¶ 1). Defendants have moved to dismiss Canyon Canyon's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The motions are now ripe.  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

---

[1]     Canyon County also originally named the Idaho Migrant Council, Inc., as a defendant but later dismissed this party by filing a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (Docket No. 21).

**Standards**

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Id. "The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Lord v. Swire Pacific Holdings, Inc., 203 F. Supp.2d 1175, 1178 (D. Idaho 2002) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994)). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

**Discussion**

With respect to Defendants Syngenta, Sorrento, Swift and Harris, Canyon County alleges in its one-count Amended Complaint that these Defendants have engaged in an Illegal Immigrant Hiring Scheme that includes violations of the Immigration and Nationality Act. Specifically, Canyon County alleges that these Defendants have entered into association-in-fact enterprises for the purpose of obtaining and employing illegal immigrant workers to reduce labor costs. With regard to Defendant Pacheco, Canyon County alleges that he has formulated a "Policy of Willful Blindness and Harboring" for the purpose of falsely obtaining medical and housing assistance for illegal immigrants, in violation of federal law. Canyon County contends that the alleged actions of all these Defendants constitute illegal racketeering activity which has harmed Canyon County "because it has been forced to spend money to provide medical and criminal justice services for many of these illegal immigrants." (Am. Compl. ¶ 26; see also Am. Compl. ¶¶ 32, 41, 43 & 46). In accordance with RICO, Canyon County prays for relief "in an amount triple the damages each [Defendant] has caused Canyon County through its or his racketeering activity." (Am. Compl. ¶ 52).

A violation of § 1962(c) of RICO, the provision upon which Canyon County relies, "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Furthermore, a RICO plaintiff must allege a direct causal link between the injury and the defendant's violation.  Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268-69 (1992).  Defendants contend that Canyon County has failed to adequately allege any of these RICO requirements and that therefore the Amended Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) .

In addition to the RICO elements set forth above, the RICO "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima,, 473 U.S. at 496. This limitation flows from § 1964(c) which confers standing to bring civil RICO claims only upon those persons "injured in [their] business or property by reason of a violation of section 1962." Citing this statutory language, Defendants also challenge Canyon County's standing and move to dismiss the Amended Complaint pursuant to the applicable Federal Rule.[2] Because standing presents a threshold question, the Court will address this issue first and determine whether Canyon County is authorized by RICO to bring its claim against Defendants. Bruce v. U.S., 759 F.2d 755, 757-58 (9th Cir. 1985) (explaining that question of statutory standing may bear on court's jurisdiction); Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n. 3 (2d Cir.1999) (same in RICO context).

In asserting a bar to Canyon County's standing, Defendants first cite what is known as the "municipal cost recovery rule." As discussed in detail by the Ninth Circuit in City of Flagstaff v. Atchison, Topeka & Santa Fe, 719 F.2d 322 (9th Cir.1983), this doctrine stands

---

[2]     As several of the Defendants note, the case law is unclear as to whether a challenge to a plaintiff's standing under RICO is jurisdictional and/or whether such a challenge should be brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lerner v. Fleet Bank, N.A., 318 F.3d 113, 126 (2nd Cir. 2003) (discussing case law on this issue in context of supplemental jurisdiction).  The distinction does not matter here, as the Court applies the same standards under either Rule 12(b)(1) or Rule 12(b)(6), see Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n. 3 (2nd Cir.1999), and each Defendant has moved to dismiss the Amended Complaint based on Canyon County's lack of standing under § 1964(c).

MEMORANDUM DECISION AND ORDER - Page 3
05ORDERS\Canyon_dis.WPD

for the proposition "that the cost of public services for protection from fire or safety hazards is to be borne by the public as a whole, not assessed against the tortfeasor whose negligence creates the need for the service." Id. at 323. This concept, the Ninth Circuit said, is a product of state and federal common law and "does not turn on the underlying theory of the tort. . . . for it is the identity of the claimant and the nature of the cost that combine to deny recovery." Id. at 324. As the Ninth Circuit explained, the reason for the municipal cost recovery bar is "[i]f the government has chosen to bear the cost for reasons of economic efficiency, or even as a subsidy to the citizens and their business, the decision implicates fiscal policy; the legislature and its public deliberative processes, rather than the court, is the appropriate forum to address such fiscal concerns." Id. However, the Ninth Circuit acknowledged several exceptions to the municipal cost recovery rule that may permit a governmental entity to "recover the cost of its services." Id.

Canyon County appears to concede the existence of the municipal cost recovery rule, (Resp. 3, 11-12), and it admits that its lawsuit is "for the costs of municipal services,"[3] (id. at 5), but argues that it fits within two of the exceptions articulated by the Ninth Circuit in City of Flagstaff.  Pointing to the first exception, Canyon County recites the City of Flagstaff statement that "[r]ecovery has also been allowed where the acts of a private party create a public nuisance which the government seeks to abate." City of Flagstaff, 719 F.2d at 324. And then it turns to a 1907 case of the Idaho Supreme Court, which according to Canyon County defines a public nuisance to include any criminal conduct. (Resp. 3, 11-12 (citing J.B. Mullen & Co. v. Mosley, 90 P. 986, 990 (Idaho 1907)). Reading the two cases together, Canyon County argues that its RICO action for damages based on alleged criminal activity fits under the public nuisance exception to the municipal cost recovery rule.

There are several problems with Canyon County's analysis. First, the definition of a public nuisance has been modified by the Idaho legislature and the current statutory provision has not been interpreted to include criminal conduct. IDAHO CODE § 52-101.  To

---

[3]        The Court may treat representations of counsel in a brief as an admission. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226-27 (9th Cir. 1988).

the contrary, the statutory language *does not* specifically identify criminal conduct as a public nuisance.[4] If the Idaho legislature intended to incorporate the Idaho Supreme Court's discussion from the 1907 Mosley case into § 52-101 it would have done so expressly, and it did not. It is telling that Canyon County failed to bring this most recent statutory provision to the Court's attention.

Second, Canyon County is not bringing a public nuisance lawsuit, it is a plaintiff in a federal RICO civil action. Consequently, it is not acting in its governmental capacity but instead as a private party to a civil lawsuit. Sedima, 473 U.S. at 483-87 (explaining that § 1962 of RICO provides a civil action for private suits). Because of that, Canyon County is not attempting to "abate" any activity but only seeks to recover monetary damages. City of Philadelphia v. Beretta U.S.A. Corp., 126 F. Supp.2d 882, 894-95 (E.D. Pa. 2000) (explaining that the City cannot have it both ways; it is either suing in its "governmental capacity to abate a public nuisance" or "[i]f it sues for costs it has itself incurred . . . the action is barred under the municipal cost recovery rule"). If Canyon County was granted all the relief it requested it would do nothing to stop or "abate" the Defendants' alleged criminal conduct.[5] For all these reasons, the Court concludes that the RICO action by Canyon County is not within the public nuisance exception to the City of Flagstaff municipal cost recovery rule. See 719 F.2d at 323-24.

Canyon County also argues that it fits within a second City of Flagstaff exception that permits recovery of municipal cost "where it is authorized by statute." 719 F.2d at 324. Although not expressly articulated, Canyon County appears to contend that § 1964(c) of RICO, which allows persons "injured in business or property" to bring a RICO civil action,

---

[4]        Section 52-101 provides that:
Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance.

[5]        In its prayer for relief, Canyon County does request an injunction prohibiting Defendant Pacheco from further participation with Idaho Migrant Council or any other organization which seeks payments from Canyon County. But even if granted, the injunction would not otherwise prevent Defendant Pacheco from continuing his alleged wrongful conduct.

MEMORANDUM DECISION AND ORDER - Page 5
05ORDERS\Canyon_dis.WPD

is authority for a municipal cost recovery suit rather than a bar to such an action as Defendants assert. The merits, then, of each party's respective position turns on the proper interpretation of the language from § 1964(c) that authorizes a civil lawsuit under RICO by a person "injured in business or property."[6] In support of its position, Defendants offer extensive analysis with citations to numerous cases that the Court will discuss below.

Defendants concede that on this issue there is no binding precedent from either the Ninth Circuit or the United States Supreme Court. Accordingly, Defendants point to persuasive case law.  In this regard, Defendants first observe that the "injured in business or property" requirement of § 1964(c) has been determined to have "restrictive significance." See, e.g., Oscar v. Univ. Students Co-op. Ass'n, 965 F.2d 783, 786 (9th Cir.1992). Thus, "it is well-established that not all injuries are compensable under this section." Id. at 785. For example, "personal injuries are not compensable under RICO." Id.; see also Diaz v. Gates, 420 F3d 897, 899 (9th Cir. 2005) (en banc) ("Without a harm to a specific business or property interest . . . there is no injury to business or property within the meaning of RICO."); Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1310 (9th Cir.1992) (stating that "[c]ase law in our circuit limits injuries compensable under RICO" and that a "showing of 'injury' requires proof of concrete financial loss").

---

[6]     Indeed, the proper interpretation of § 1964(c) is determinative on the standing issue. If § 1964(c) permits a municipality to sue under RICO to "recover the cost of its services," then this lawsuit is not barred by the municipal cost recovery rule. City of Flagstaff, 719 F.2d at 324. If, on the other hand, § 1964(c) does not afford standing for recovery of municipal cost this action is subject to dismissal without reference to the municipal cost recovery rule. See, e.g., Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc., 103 F. Supp.2d 134, 154 (N.D. N.Y. 2000). The Court's discussion of the municipal cost recovery rule is important, however, not only because it tracks the parties' briefing but because, as City of Flagstaff indicated, the rule is a product of state and federal common law. 719 F.2d at 323-24 (citing both state and federal case law). The Ninth Circuit has stated that the term "property" in § 1964(c) is typically determined by reference to state law. Diaz v. Gates, 420 F3d 897, 899 (9th Cir. 2005) (en banc) (explaining that under § 1964(c) "we typically look to state law to determine 'whether a particular interest amounts to property'"). Both City of Flagstaff and Idaho case law strongly suggest that a non-contractual interest in reimbursement for governmental services is not a recognized property right. See City of Grangeville v. Haskin, 777 P.2d 1208, 1211-12 (Idaho 1989) (holding that a city's effort to collect charges for water, sewer and garbage services "even though the services were not ordered, contracted for, or used" by the person is not permitted under Idaho law). Moreover, "[s]tatutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident." Kasza v. Browner, 133 F.3d 1159, 1167 (9th Cir.1998) (quoting United States v. Texas, 507 U.S. 529, 534 (1993)).

In an effort to answer the specific question before this Court, Defendants note that because the language of § 1964(c) is based on the "quite similar" language of the Clayton Act, courts generally have turned to the interpretation of the Clayton Act's standing provision in order to construe the intended effect of § 1964(c). See, e.g., Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1168 (9th Cir. 2002) (noting the similarity between RICO's standing provision, § 1964(c), and the standing provision of the Clayton Act, 15 U.S.C. § 15(a), which grants standing to "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws"). As the United States Supreme Court explained "both statutes aim to compensate the same type of injury; each requires that a plaintiff show injury 'in his business or property by reason of' a violation." Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 151 (1987). Furthermore, the "close similarity of the two provisions is no accident . . . .[t]he 'clearest current' in the legislative history of RICO 'is the reliance on the Clayton Act model.'" Id.

Consequently, the Ninth Circuit has stated that the two standing provisions should be "interpreted in tandem." Mendoza, 301 F.3d at 1168. In light of this directive it is most significant that the United States Supreme Court has interpreted the Clayton Act's standing provision to exclude recovery for the cost of public services. In the case Hawaii v. Standard Oil Co. of California, 405 U.S. 251 (1972), the Supreme Court construed the Clayton Act's standing provision, "which limits . . . recovery to damages to 'business or property,' " as authorizing recovery "not for general injury . . . or to the Government's ability to carry out its functions, but only for those injuries suffered in its capacity as a consumer of goods and services." Id. at 264-65. The Supreme Court elaborated further on this issue in the case Reiter v. Sonotone Corp., 442 U.S. 330 (1979), where it stated that a governmental entity suffers an injury to "business or property" when it is harmed "as a party to a commercial transaction." Id. at 341-42.

Given this Supreme Court precedent, it is not surprising that the only circuit court to address this same standing issue in the context of a RICO action has reasoned that § 1964(c) does not permit a municipality to recover for alleged injuries to its governmental functions.

MEMORANDUM DECISION AND ORDER - Page 7
05ORDERS\Canyon_dis.WPD

In <u>Town of West Hartford v. Operation Rescue</u>, 915 F.2d 92 (2nd Cir.1990), the Second Circuit relied on both <u>Hawaii</u> and <u>Reiter</u> to conclude that the type of recovery that Canyon County seeks here is for "[i]njuries of the sort [that] do not fall within the ambit of section 1964(c)." <u>Id.</u> at 103-04 & n.2.

Although the <u>Town of West Hartford</u> discussion is dicta,[7] the majority of district courts to have considered the issue have applied the reasoning of <u>Town of West Hartford</u> to deny municipal cost recovery under § 1964(c). <u>See, e.g.</u>, <u>Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc.</u>, 103 F. Supp.2d 134, 154 (N.D. N.Y. 2000) ("In short, <u>Town of West Hartford</u> requires injury to the government's commercial interests in RICO claims."); <u>City of New York v. JAM Consultants, Inc.</u>, 889 F. Supp. 103, 105 (S.D. N.Y. 1995) ("[T]he Second Circuit has held that where a municipality sues under RICO, it must allege injury to its business or property in its capacity 'as a party to a commercial transaction.' Allegations that a municipality is seeking to vindicate its interests in the 'general economy' or in its 'ability to carry out its functions' do not state a claim under RICO."); <u>Town of Brookline v. Operation Rescue</u>, 762 F. Supp. 1521, 1523 (D. Mass.1991) (stating the court is "persuaded that the Second Circuit is correct in concluding that upon these facts, a plaintiff town cannot establish . . . the requirement of 18 U.S.C. § 1964(c) that it has been 'injured in [its] business or property by reason of a violation of section 1962,' as required of a civil RICO plaintiff"). <u>But see</u> <u>European Community v. RJR Nabisco, Inc.</u>, 150 F. Supp.2d 456, 497 (E.D. N.Y. 2001) (stating in dicta that it rejects <u>Town of West Hartford</u>).

In response to this extensive persuasive authority, Canyon County answers with one sentence and a footnote. In relevant part, Canyon County responds that its claim against Defendants "is asserted under RICO, a federal statute, which is a 'legislative authority,' a basis recognized by the <u>City of Flagstaff</u> court for permitting municipalities to recover for their costs" and that "[s]ince recovery is permitted [by RICO], such [municipal] costs are a loss to the County's 'property' [under § 1964(c)]. <u>See, e.g.</u>, <u>County of Oakland v. City of</u>

---

[7]        <u>See</u> <u>Attorney Gen. of Canada v. R.J. Reynolds Tobacco Holdings, Inc.</u>, 268 F.3d 103, 132 n.40 (2d Cir. 2001).

Detroit, 866 F.2d 839, 847 (6th Cir. 1989).”  (Resp. 12 & n. 8).  At best, Canyon County’s circular reasoning – that RICO authorizes the action and so its municipal costs are “property” for standing purposes under § 1964(c) – is “unhelpfully tautological.” Sedima, 473 U.S. at 494. Moreover, the case cited by Canyon County actually highlights the fatal flaw in the present lawsuit. In County of Oakland the counties were suing under RICO to recoup the illegal overcharge they allegedly suffered as buyers under a contract. County of Oakland, 866 F.2d at 844-45. Consistent with the case law examined above, the counties were deemed to “have standing” under RICO *because* the counties “were the contracting parties” and “buyers” in a commercial transaction. Id. at 844. Unlike County of Oakland, Canyon County is not alleging its injuries flow from participation as a contracting party to a commercial transaction. Instead, by its own admission, it is asserting “claims for the costs of municipal services.” (Resp. 5). This type of “general injury” to a county’s “ability to carry out its functions” is not an injury to “business or property. ” Hawaii, 405 U.S. at 264-65. Therefore, Canyon County does not have standing to bring this action under § 1964(c) of RICO.[8] See, e.g., Attorney General of Canada v. R.J. Reynolds Tobacco Holdings, Inc., 103 F. Supp.2d 134, 154 (N.D. N.Y. 2000).

### Summary and Conclusion

At common law, a governmental entity generally was not allowed to “recover the cost of its services” from a non-contracting party. City of Flagstaff, 719 F.2d at 323-24; City of Grangeville v. Haskin, 777 P.2d 1208, 1211-12 (Idaho 1989). “Statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident.” Kasza v. Browner, 133 F.3d 1159, 1167 (9th Cir.1998) (quoting United States v. Texas, 507 U.S. 529, 534 (1993)). Section 1964(c) of RICO provides statutory standing to persons “injured in

---

[8]      Although not relied upon in the standing context, Canyon County relies in general upon the Ninth Circuit case Mendoza v. Zirkle Fruit Co., 301 F.3d 1163 (9th Cir. 2002). The plaintiffs’ standing in that case is easily distinguishable from the standing issue presented here. In Mendoza, the plaintiffs were deemed to have standing because their injuries, lost wages, were linked to an alleged “legal entitlement to business relations,” something that Canyon County does not, and cannot, allege in this lawsuit. See 301 F.3d at 1168 n.4.

[their] business or property." The Ninth Circuit has determined that this language has "restrictive significance," Oscar, 965 F.2d at 786, and should be "interpreted in tandem" with the similar language found in the Clayton Act, Mendoza, 301 F.3d at 1168. The Supreme Court has construed the Clayton Act to preclude standing for recovery of cost associated with general governmental functions. Hawaii, 405 U.S. at 264-65; Reiter, 442 U.S. at 341-42. Consequently, the courts have reasoned that the same language in § 1964(c) of RICO bars a governmental entity from suing for the "costs of municipal services." See, e.g., Town of West Hartford , 915 F.2d at 103-04. Canyon County has not advanced any argument, case, or statutory interpretation to distinguish or challenge this analysis. Accordingly, the Defendants' motions to dismiss must be granted.[9]

Because Canyon County's RICO action is predicated on recovery for the "costs of municipal services," it cannot cure this basic flaw in its pleading and therefore any further amendment to its Amended Complaint would be futile and will not be permitted. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denying plaintiff leave to amend where he lacked standing to sue under RICO). Although Canyon County asserts that it is bringing a "one-count Complaint," (Am. Compl. ¶ 10), in addition to its RICO claim it alleges that Defendant Pacheco's actions violate the Idaho Racketeering Act, (Am. Compl. ¶¶ 48-51). The Court's jurisdiction over any state law claim is supplemental in nature. 28 U.S.C. § 1367(a). Now that Canyon County's federal claims are to be dismissed, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir.1997). To the extent that Canyon County asserts a state law claim against Defendant Pacheco the Court declines to exercise jurisdiction over the same pursuant to § 1367(c)(3) and it will be dismissed without prejudice to Canyon County refiling the claim in state court. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1392 (9th Cir. 1997).

---

[9]      Given the Court's ruling it is not necessary, or appropriate, to address the Defendants' additional arguments for dismissal. Dumas v. Major League Baseball Prop., 104 F. Supp.2d 1220, 1223 (S.D. Cal. 2000), aff'd sub nom., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083 (9th Cir. 2002).

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendants' Motions to Dismiss (docket nos. 29, 31, 33, 34, & 36) are **GRANTED** as follows:  all federal claims set forth in Plaintiff Canyon County's First Amended Complaint are **DISMISSED with prejudice;** any state law claim for relief set forth in Plaintiff Canyon County's First Amended Complaint against Defendant Pacheco is **DISMISSED without prejudice** subject to refiling in state court; and the above entitled action is **DISMISSED** in its entirety. All other pending motions are rendered moot by this order and are dismissed.

DATED:  **December 14, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - Page 11
05ORDERS\Canyon_dis.WPD